## Franklin Fire Insurance Company *versus* Kepler.

A policy of fire insurance provided that it would not cover unoccupied buildings, and if the premises insured should be vacated without the consent of the company endorsed on the policy the latter should cease and determine. An insured was absent from his dwelling from Wednesday until Monday, to attend a funeral, during which time there was no occupant of the house: *Held*, that such a temporary absence was not a breach of the policy.

October 19th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Forest county* : Of October and November Term 1880, No. 56.

Assumpsit by Jacob M. Kepler against The Franklin Fire Insurance Company, on a policy of fire insurance, to recover for a loss.

The 15th section of the policy provided: " This policy will not cover unoccupied buildings (unless insured as such), and if the premises insured shall be vacated without the consent of the company endorsed hereon, * * * this policy shall cease and determine." The property insured was destroyed by fire.

The evidence showed that this fire occurred on Sunday morning, October 27th 1878. Plaintiff testified that on Wednesday preceding that day he went to Clearfield county ; that he received a telegram notifying him of the death of a friend, and he left for

[Franklin Fire Ins. Co. v. Kepler.]

the purpose of attending the funeral, and returned on Monday, following the fire. Kepler himself was the only occupant of the house. He testified that he made it his home and residence, and that he had no other home or residence at the time.

It was claimed on the part of the company, that this absence, with no one in the house during the time was a violation of the 15th clause of the policy, and that it was substantially an unoccupied building.

The following were among the points of the defendant:—

1. The undisputed facts being that at the time the plaintiff's dwelling-house was destroyed by fire, no one was living in it and no one had been living in it for four days prior to that time, and no notice of that fact having been given to the defendant and its consent obtained to such non-occupancy, the house was vacant within the meaning of the contract between the parties, as contained in the policy on which this suit is brought, and there can be no recovery.

2. The occupancy of a dwelling-house consists in living in it, and if the plaintiff absented himself from the said house from Wednesday prior to the fire, and was still absent when the fire occurred, which was Sunday morning, during which time no one occupied the house, it constituted such a vacation as was contemplated in the contract between the parties, and the verdict should be for the defendant.

3. The existence of an intention in the mind of the plaintiff to return and resume the occupancy of the house under the circumstances, makes no difference in determining the question of vacancy.

The court answered these points in the general charge, as follows:—

"We. say to you, that if the plaintiff left upon an emergency for the purpose of attending a funeral, and he was absent for that purpose, and when he had accomplished the purpose for which he left, he returned on the Monday following the fire, then the absence under these circumstances is not a breach of clause 15th of the policy; that it was not an unoccupied building within the purpose and meaning of that clause of the policy."

Verdict for plaintiff, and after judgment thereon, defendant took this writ and alleged that the court erred in the portion of the charge noted.

*Johnson, Lindsey & Parmlee*, for plaintiff in error.—How long an absence from a building does it take to make it unoccupied or vacant? The court answered this question by saying, as a matter of law, that the absence of plaintiff from Wednesday to Monday was not a breach of the policy. We submit that this was a question of fact for the jury.

[Franklin Fire Ins. Co. v. Kepler.]

*D. J. Bull, William D. Brown* and *S. D. Irwin,* for defendant in error.—A practical occupancy consistent with the purposes and uses for which the dwelling-house was insured, is all that is required : Wood on Insurance 180. The word " vacated " has, in ordinary acceptation, but one meaning, and suggests only the state of emptiness. It is a misuse of the word to say of Mr. Kepler's dwelling-house, that it was a vacant house because of the absence of the owner for four days.

The judgment of the Supreme Court was entered November 1st 1880,

PER CURIAM.—The temporary absence of the insured from the premises, leaving them for the time unoccupied, was not a breach of the conditions of the policy. The premises were not vacated by such absence. The case, we think, was very properly submitted to the jury in the charge of the learned judge.

Judgment affirmed.